EMMA CONDIT SMITH, Respondent, *v.* ISABELLA H. FISHER, Appellant.

*Action to reform a contract and a deed — money judgment in an equitable action.*

The complaint in an action alleged that a certain contract entered into between the plaintiff and defendant had been procured by the fraud of the defendant, and that such contract, together with a certain deed, constituted a mortgage; the relief asked for was that such instruments be reformed so as to express the terms of the real contract between the parties, and that the right of the defendant in the premises might be foreclosed and sold. After the commencement of the action and before its trial, a prior mortgage on the premises was foreclosed and the property was sold.

A judgment was rendered in the action in favor of the plaintiff, enjoining the assignment of a certain bond and granting a money judgment for the amount which was due from the defendant to the plaintiff.

*Held*, that, as the court was prevented from giving all the equitable relief to which the plaintiff had shown herself entitled by her proof, it was proper to give such equitable relief as it was possible to give under existing circumstances, and in addition to give a money judgment to the plaintiff;

That the defendant, by her acts of omission or commission, in the matter of the foreclosure of the first mortgage, could not deprive the court of the jurisdiction to grant such relief as the necessities of the case required.

APPEAL by the defendant, Isabella H. Fisher, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 16th day of Janu-

ary, 1895, upon the decision of the court rendered after a trial at the New York Special Term.

There were originally two parties plaintiff, one of whom died while the action was being tried.

*E. MacKinstry*, for the appellant.

*Alexander Thain*, for the respondent.

VAN BRUNT, P. J.:

The complaint in this action alleged that on or about the 30th day of December, 1892, the defendant was the owner of certain premises in the city of New York, and, designing to mislead and wrong and cheat and defraud the plaintiffs, made certain representations in respect to the house erected upon said premises; that the plaintiffs, relying upon these representations, on the 30th of December, 1892, entered into a contract, in writing, with the defendant, whereby the plaintiffs undertook and agreed to purchase the premises, upon certain terms therein named, the deed to be delivered on or before the 10th day of March, 1893; that for the purpose of giving the plaintiffs immediate possession of said premises, pending the delivery of the deed mentioned in said contract, the defendant, simultaneously with the execution of said contract, executed to these plaintiffs a lease of said premises bearing the same date as said contract, in and by which lease defendant rented the said premises to these plaintiffs for the term of two months and eleven days from the 30th of December, 1892, and that the plaintiffs thereupon paid to the defendant the sum of $500, required to be paid by said contract, and entered into possession of said premises, and that at various times up to and including the 30th day of March, 1893, they made further payments to the defendant amounting to $3,000.

The complaint further alleged that during the occupation of said premises by the plaintiffs from the 30th of December, 1892, to the 10th of March, 1893, they discovered that the representations made by the defendant to the plaintiffs in respect to the construction of said house were untrue, and that various and grievous defects existed therein, and that thereupon the defendant agreed with the plaintiffs to cancel said contract and to return the payments made by the plaintiffs as aforesaid, but represented to the plaintiffs that she was at that time unable to return to the plaintiffs the moneys

advanced to her on the faith of the representations aforesaid, and requested the plaintiffs to forbear urging for a time the return of the said moneys, and the defendant made the request that the plaintiffs should advance and loan to the defendant a further sum of money to aid the defendant in improving certain lots, etc.; that thereupon the defendant proposed that the plaintiffs should in form carry out the contract of the 30th of December, 1892, and that the defendant should execute to the plaintiffs a deed of said premises, and that there should then be given back the bond of the plaintiff Emma Condit Smith for the sum of $12,500, to be secured by a mortgage on said premises, and that the plaintiff should then advance to the defendant the sum of $4,000, and the defendant should contract and agree with the plaintiffs that if the plaintiffs should, on or before the 30th day of December, 1893, conclude to retain said house and accept the deed, the same should stand as a conveyance of said premises and the advances aforesaid apply on the purchase money, the defendant further agreeing that if the plaintiff Emma C. Smith decided to keep said house then the defendant was to make certain improvements and repairs in said house, and that should the defendant begin such repairs the contract for the repurchase of said premises by the defendant should become null and void, and that the act of the defendant in beginning said repairs was to be deemed an acquiescence by the plaintiff Emma Condit Smith as indicating that she was to retain the house, etc., but that in the meantime the transaction should be deemed a loan of the amount of said advances by the plaintiffs to the defendant, and that the plaintiffs should continue in the possession of said premises and should hold the same and the deed of conveyance of said premises and the contract to repurchase the same as security for the payment of said moneys on the 30th day of December, 1893.

The complaint further alleged that the plaintiffs then proposed that the advice of a lawyer should be sought to draw the papers, but the defendant represented that she was not acting under legal advice, and that it would only complicate matters if the plaintiffs employed counsel; that it was better for all parties that counsel should not be employed, and thereby induced the plaintiffs to refrain from having the papers which they were called upon to execute examined by competent counsel.

The complaint further alleged that on the 15th of October, 1893, for the purpose and with the intent of forestalling plaintiffs and foreclosing and cutting off their right to treat the said conveyance, and the contract to repurchase and the possession of said premises by the plaintiffs, as security for the return of said advances made to the defendant, notwithstanding the previous announcement by the plaintiffs to the defendant that they had decided not to keep the house, and not to treat said deed of conveyance as other than a mortgage security for said advances, the defendant by her agents forcibly entered said premises without the knowledge or consent of the plaintiffs' and undertook to repair said house and to put in a new furnace so that said contract for repurchase should thereby become null and void; that on or about the 29th of December, 1893, the plaintiffs again elected not to keep said house, but to treat said conveyance, and the possession of said premises and the contract to reconvey the same, as security for said advances, and offered to reconvey said premises to the defendant, and on the 30th of December, 1893, the plaintiffs notified the defendant that they were about to vacate said premises and tendered a surrender of the same to the defendant and offered to reconvey the same to the defendant and demanded the return of the advances aforesaid, but the defendant refused to receive possession of said premises or to accept a reconveyance thereof.

The complaint then alleged, upon information and belief, that defendant had been trying to negotiate said $12,500 mortgage which had been given by her upon the conveyance of said premises to her, and alleged further a willingness upon the part of the plaintiffs to convey said premises to the defendant upon the repayment of said advances.

And judgment was thereupon demanded that the deed of conveyance executed by the defendant to the plaintiff Emma Condit Smith, and the contract for the reconveyance of said premises, might be adjudged to be a mortgage to secure the plaintiffs for the advances made by them to the defendant, and that the instruments might be reformed so as to express the terms of the contract between the plaintiffs and the defendant; that the right, title and interest of the defendant in the premises, or of any other person therein, acquired after the commencement of the action might be fore-

closed and sold, and that out of the proceeds there should be paid to the plaintiffs the amount of their advances with interest and the costs of the action; and that the defendant should be enjoined from assigning the mortgage executed by the plaintiff Emma C. Smith to the defendant, etc.

The defendant by her answer admitted the allegations of ownership, leasing and payment of the $500 upon the contract; and denied the allegation of fraud and that the arrangements entered into with the plaintiffs were intended as security for the advances which had been made by the plaintiffs.

The defendant further alleged that the plaintiffs had not performed the covenants contained in the contract of December 30, 1892, in that they had failed to make the payments provided for in said contract; and alleged affirmatively that the defendant began and made certain repairs specified in the agreement of April 12, 1893, and that such agreement by its terms thereby became void.

The defendant further alleged that said agreement of April 12, 1893, was by its terms optional and not absolute; and further that said agreement was and is not a valid contract at law.

Subsequent to the commencement of this action, and prior to its trial, an action was commenced to foreclose the first mortgage upon the premises, and the same were sold under a decree of foreclosure entered in said action to one Richard Deeves on the 12th of June, 1894, for $27,000. He thereupon assigned his bid to the defendant, and on the 13th of June, 1894, the premises were conveyed by the referee to the defendant by a deed which expressed the consideration last mentioned. On the same day the defendant executed and delivered to the Liverpool, London and Globe Insurance Company, the plaintiffs in the foreclosure suit, a new mortgage for $25,000, the amount of the original mortgage. Before the commencement of the trial the attorney for the defendant stated that unless the plaintiff proved fraud he should move to dismiss the complaint on the ground that a court of equity had no jurisdiction of the action, it being merely a legal right of action, and claimed that the defendant had a constitutional right to trial by jury unless the plaintiff succeeded in establishing fraud.

The trial then proceeded; the learned court made certain findings and gave the plaintiff a judgment enjoining the assignment of the

bond of $12,500 referred to in the complaint, and a money judgment for the amount which was due from the defendant to the plaintiff; and from this judgment this appeal is taken.

It is claimed upon the part of the defendant that the plaintiff having failed to maintain her action on equitable grounds, the complaint should have been dismissed. The learned counsel urges that the defendant gave notice at the opening of the trial that she objected to proceed with the trial in a court of equity on the ground that a court of equity has no jurisdiction unless it could be sustained on the ground of fraud on the part of the defendant. He then contends that this action was begun and tried as an action in equity, seeking upon various allegations equitable relief only, viz., reformation and foreclosure. The action proceeded on the theory of fraud and resulted in an award of damages therefor, which is an action for the recovery of money only.

This position seems to be somewhat contradictory. In the first paragraph the counsel asserts that a court of equity had no jurisdiction unless the action could be sustained on the ground of fraud. He then alleges that because a recovery was had upon that very ground, he was entitled to a jury trial because it was an action for the recovery of money only.

It is further urged that in the form in which the action was brought it was triable by the court only, and unless the plaintiff sustained her cause of action, as set out in the complaint, she must fail; that the defendant had no alternative, and had no right to object to the trial of the cause by the court in the form in which it was brought; and that if the plaintiff could recover at all she must recover under the relief prayed for, to wit, reformation and as incidental thereto foreclosure and cancellation, and on the face of the complaint there was no other ground for her cause of action; that the case presented no cause of action for damages, and no damages were prayed for, and the defendant went to trial to meet that precise claim. The counsel further alleges, as already stated, that, damages being recovered, the defendant was entitled to a trial by jury.

We think that the learned counsel has entirely mistaken the relief which has been granted. He concedes that the judgment proceeds upon the theory that fraud was established, which is clearly the

case. There is no question, as stated by the court below, but that this was a scheme upon the part of the defendant and her husband to get possession of the plaintiff's money and then to cheat her into a ratification of her contract of purchase and alleged acceptance of the deed. The evidence is conclusive that when this arrangement was entered into on the 12th of April, 1893, at which time the plaintiff accepted the deed and the defendant made the contract to repurchase, it was the intention of the parties that these instruments should operate as security for the money which the plaintiff had advanced, the defendant being in hopes that the plaintiff might still ratify the contract and take the premises. The correspondence referred to by the learned court below clearly indicates that the agreement and the understanding between the parties was that the plaintiff was to hold these premises merely as security, unless she should elect to accept the deed on the 30th of December, 1893. The proof showed a refusal by the plaintiff to accept such deed and an insistance upon her security. When the action was commenced the right to foreclosure and the right to the relief which was asked for in the complaint existed. But in consequence of the foreclosure of the first mortgage permitted by the owner of the premises, which resulted in a sale of the premises and in the buying in thereof by the defendant, the court was prevented from giving all the equitable relief to which the plaintiff had shown herself entitled by her proof. The court thereupon gave such equitable relief as the proof showed the plaintiff to be entitled to under existing circumstances, and in addition thereto gave a judgment for the repayment of the money which the plaintiff had advanced to the defendant upon this alleged purchase. The defendant, by her acts of omission or commission, could not deprive the court of the jurisdiction to grant such relief as the necessities of the case required, simply by permitting this first mortgage to be foreclosed. It might very well be inferred, without doing violence to the conceded facts of the case, that this foreclosure was part and parcel of the scheme of this defendant to defraud the plaintiff of the money which she had advanced, and of the security which the defendant had given her therefor.

It is further urged that the judgment is not consistent with the case made by the complaint and embraced within the issue. It is undoubtedly true that the court could not give all the relief which

was prayed for, namely, the foreclosure and sale of the premises in order to repay the money advanced by the plaintiff to the defendant, because the premises had already been foreclosed and sold under a prior mortgage; but it gave other relief, namely, a judgment for the deficiency in the amount for which these premises had been given as security, and it also gave injunctive relief against the negotiation of the plaintiff's bond which the defendant had secured by her fraudulent contrivances.

It is further urged that neither fraud nor surprise is established by the evidence. It seems to us from a consideration of the evidence, as it did to the court below, that the case is reeking with fraud from beginning to end; that the whole scheme was conceived in fraud, and all the acts of the defendant to the very end were endeavors to cheat and defraud the plaintiff out of the moneys which she had in good faith advanced, relying upon representations which were beyond question untrue; and that the defendant and her husband were endeavoring to entrap her because of her inexperience, and they, therefore, resorted to this clumsy device, apparently making her an absolute purchaser of these premises when it is manifest that all that she intended to do was to attempt to secure that which she had already in good faith advanced.

We not only see no reason for interfering with the judgment which has been appealed from, but we cannot imagine how the court below could have come to any other conclusion.

The judgment should be affirmed, with costs.

FOLLETT and PARKER, JJ., concurred.

Judgment affirmed, with costs.